IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL BRANCH, ID # 13193-078, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:08-CV-0057-D (BH) |
| | ) | ECF |
| DAVID BERKEBILE, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of Action

Petitioner, a prisoner currently incarcerated in the Federal Correctional Institution (FCI) located in Seagoville, Texas, brings this habeas action pursuant to 28 U.S.C. § 2241. David Berkebile, Warden of FCI Seagoville, is the proper respondent.

### B. Claims

Petitioner claims that the Bureau of Prisons (BOP) has categorically denied him placement in home confinement or a halfway house or Community Correction Center (CCC),[1] and he specifically challenges 28 C.F.R. §§ 570.20 and 570.21 (the 2005 regulations) and Program Statements (PS) 7320.01 and 7310.04 concerning such placement. (*See generally* Pet.) He also challenges a de

---

[1] As of March 31, 2006, the BOP refers to halfway houses which were formerly titled "Community Corrections Centers" as "Residential Reentry Centers" (RRCs). Because much of the authority cited herein refers to halfway houses or CCCs, these terms will be used interchangeably with RRCs.

facto policy that precludes direct placement into home confinement. (*Id.* at 9-11.) He argues that respondent is collaterally estopped from re-litigating issues that were decided against respondent in *Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091 (N.D. Tex. Mar. 28, 2007) (accepting findings and recommendation of Mag. J.). (Pet. at 7-8.) He further claims that respondent has violated his right to equal protection by treating him differently than the petitioner in *Mihailovich* and by categorically denying him consideration for home confinement when individuals whom are already housed in a CCC are given such consideration. (*See id.* at 11-13 & n.1.)

In his response to the petition, respondent argues that he is not collaterally estopped from contesting petitioner's claims, the instant petition is not ripe for adjudication, petitioner has provided no evidence to support a transfer to home confinement or a halfway house, and the petition fails on its merits. (*See generally* Resp.)

Because recent legislation renders much of the instant petition moot, thus partially depriving the Court of jurisdiction, it considers this issue first.[2]

## II. MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486,

---

[2] The Court notes, however, that it has previously rejected respondent's argument that § 2241 provides no jurisdictional basis for this action because petitioner is challenging where he should serve his sentence, not the fact or duration of his custody. *See, e.g., Bell v. Berkebile*, No. 3:07-CV-1067-B, 2007 WL 3333196, *1-2 (N.D. Tex. Nov. 9, 2007) (findings, conclusions, and recommendation accepted by District Court); *Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091, at *3-4 (N.D. Tex. March 28, 2007) (same). Accordingly, petitioner has properly invoked § 2241 as a basis for this action.

2

496 (1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). Furthermore, when a challenged regulation has been superceded by a new regulation, "the issue of the validity of the old regulation is moot, for this case has 'lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law.'" *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) (per curiam) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam)). Fed. R. Civ. P. 12(h)(3) requires the federal courts to dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."

Through the Second Chance Act which became effective April 9, 2008, Congress amended 18 U.S.C. § 3624(c)(1) so as to increase the maximum time for pre-release CCC placement to twelve months and to require "the BOP to make placement decisions on an individual basis consistent with the criteria set forth in the statute." *Santos v. Berkebile*, No. 3:08-CV-0192-D, 2008 WL 2330920, at *2 n.3 (N.D. Tex. June 5, 2008) (accepting findings of Mag. J.). As amended, § 3624(c) now includes a subsection (6), which provides:

> **(6) Issuance of regulations.**-- The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is--
>
> (A) conducted in a matter consistent with section 3621(b) of this title;
>
> (B) determined on an individual basis; and
>
> (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

"In reaction to this statute, and the new 12-month maximum placement, the BOP issued guidance directing that 'inmates must now be reviewed for pre-release RRC placements 17-19 months before

3

their projected release dates.'" *Miller v. Whitehead*, ___ F.3d ___, ___, Nos. 07-1651, 07-1652, 07-1653, 07-1654, 2008 WL 2220430, at *3 (8th Cir. May 30, 2008). The issued guidance also "includes an 'adjustment' to PS 7310.04, which states that 'RRC needs can usually be accommodated by a placement of six months or less,' and that placement in an RRC for more than six months must be approved in writing by a regional director of the BOP." *Id.* at *5 n.4.

Petitioner in this case challenges regulations and a program statement (28 C.F.R. §§ 570.20, 570.21 and PS 7310.04) that "have been 'effectively erased' by the Second Chance Act." *See John v. Berkebile*, No. 3:08-CV-0267-L, unpub. findings at 4 (N.D. Tex. May 21, 2008) (findings and recommendation of Mag. J. not yet accepted by District Court). Since the enactment of the Second Chance Act, the BOP no longer follows the 2005 regulations or the relevant provisions of PS 7310.04. *Id.* The Second Chance Act has changed the legal landscape in such a manner as to render moot petitioner's challenges to sections 570.20 and 570.21 and PS 7310.04.

The Court therefore proceeds to the remaining claims – (1) challenges to PS 7320.01 and a de facto policy of the BOP and (2) alleged equal protection violation.[3]

### III. REMAINING CLAIMS

Petitioner specifically asks the Court to invalidate PS 7320.01 and a de facto policy that has allegedly emerged from it. (Pet. at 8-11.) He also argues that respondent has violated his right to equal protection by treating him differently than the petitioner in *Mihailovich* and from individuals already housed in a halfway house. (*Id.* at 11-13 & n.1.)

---

[3] Although petitioner's collateral estoppel argument does not appear to relate to the remaining claims, the Court notes that "petitioner may not offensively use collateral estoppel against the Warden of FCI Seagoville in this habeas action." *See Flores v. Berkebile*, No. 3:07-CV-0778-B, 2008 WL 623385, at *9 (N.D. Tex. Mar. 5, 2008) (accepting findings of Mag. J.).

4

A. <u>PS 7320.01</u>

Petitioner contends that the PS 7320.01 is invalid because respondent utilizes it to categorically deny him individual consideration for home confinement under 18 U.S.C. § 3621(b). (Pet. at 9.) However, home confinement is not a "place of imprisonment" and, therefore, does not implicate § 3621(b). *See Grote v. Berkebile*, No. 3-07-CV-863-B, 2007 WL 4302933, at *7 (N.D. Tex. Dec. 5, 2007) (accepting findings of Mag. J.). Consequently, there is no basis for invalidating PS 7320.01. *Id.*

B. <u>De Facto Policy</u>

Petitioner argues that although the BOP may bypass placement in a CCC and place him in home confinement consistent with PS 7320.01, the BOP has established a de facto policy to require placement in a CCC before placement on home confinement. (Pet. at 8-11.) He contends that utilization of such de facto policy categorically denies him the individual determination required by § 3621(b). (*Id.* at 10.)

Like PS 7320.01, the alleged de facto policy of the BOP does not implicate § 3621(b). Consequently, there is no basis to invalidate the alleged de facto policy arising from PS 7320.01. *See John v. Berkebile*, No. 3:08-CV-0267-L, unpub. findings at 4-5 (N.D. Tex. May 21, 2008) (findings and recommendation of Mag. J. not yet accepted by District Court). Stated simply, the alleged de facto policy "provides no basis for habeas relief." *See, e.g., Flores v. Berkebile*, No. 3:07-CV-0778-B, 2008 WL 623385, at *9 (N.D. Tex. Mar. 5, 2008) (accepting findings of Mag. J.).

C. <u>Equal Protection</u>

Petitioner also asserts an equal protection claim. (Pet. at 11-13 & n.1.) "The Due Process Clause of the Fifth Amendment applies to the federal government a version of equal protection

5

largely similar to that which governs the states under the Fourteenth Amendment." *Rodriguez-Silva v. INS*, 242 F.3d 243, 247 (5th Cir. 2001). While the two protections may not be identical, their principles require the same analysis under both Amendments. *Id.* Under the Fourteenth Amendment, "a party who wishes to make out an Equal Protection claim must prove 'the existence of purposeful discrimination' motivating the [governmental] action which caused the complained-of injury." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997). To establish an equal protection claim, petitioner must show that he was treated differently from similarly situated persons without a rational basis. *United States v. Abou-Kassem*, 78 F.3d 161, 165 (5th Cir. 1996); *Sonnier v. Francis*, 217 Fed. App'x 410, 411 (5th Cir. 1997) (addressing issue in context of whether application of § 570.21 violated his right to equal protection). The crux of an equal protection claim is that the complaining person was treated differently from similarly situated individuals. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

Petitioner has not alleged, much less shown, that he has been denied placement in a halfway house or on home confinement due to purposeful discrimination or any impermissible motive. For that reason alone, petitioner has stated no viable equal protection violation. In addition, he has not shown that Mihailovich or individuals already in a halfway house are similarly situated to him. As set out in *Mihailovich* and numerous cases that followed it, the placement of an inmate into a halfway house or RRC requires an individual determination of the factors set forth in 18 U.S.C. § 3621(b). The individual considerations will generally provide a rational basis for different outcomes. Petitioner is entitled to no habeas relief on his equal protection claim.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the

District Court **DISMISS** the instant petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 as moot to the extent petitioner seeks to invalidate 28 C.F.R. §§ 570.20 and 570.21 and PS 7310.04. The petition should **OTHERWISE BE DENIED**.

**SIGNED this 23rd day of June, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE